RECEIVED
SEP 0 7 2010
09-7-2010 ea
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

Robert T. Bias )
Plaintiff, ProSe' )
)
V. ) 10cv5659
) Judge Castillo
Blatt, Hasenmiller, Leibsker & Moore LLC ) Magistrate Cox
Defendant )
CitiBank (South Dakota) N.A. )
Co-Defendant )

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

3  **Comes now** the Plaintiff Robert T. Bias:

4  1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et*

5  *seq.* (FDCPA) and the Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.* (FCRA)

6  2. Defendant and Co-Defendant acted through its agents, employees, officers, members,

7  directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

8  insurers.

## JURISDICTION AND VENUE

10  3. Jurisdiction of this court arises pursuant to *15 U.S.C. §1692k(d)* and *15 U.S.C. §1681(p)*

11  which states that such actions may be brought and heard before "any appropriate United States

12  district court without regard to the amount in controversy."

13  4. Defendant's conducts business and is located in the state of Illinois, and therefore, personal

14  jurisdiction is established. The Defendant is debt collector located at 125 So. Wacker Drive,

15  Suite 400 Chicago, IL. 60606 as such is governed under the law by The Fair Debt Collection

16  Practices Act *15 USC §1601, et seq.* The Co-Defendant CitiBank conducts business in the state

17  of Illinos and is headquartered at 399 Park Ave. New York, NY 10022 and also at 701 E 60th

18  Street N Sioux Falls, SD 57104-0432 South Dakota They are licensed to do business in the State

19  of Illinois'. As such is governed under the law by Fair Credit Reporting Act *15 U.S.C. § 1681 et*

20  *seq.*

21  At all times hereinafter mentioned, The Plaintiff is a resident of DuPage County State of Illinois.

1

22 From here on Robert T. Bias, will be known as the Plaintiff.
23 5. The Plaintiff denies ever having any contractual agreement for credit, loans or services
24 relationship with the Defendant.
25 Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged
26 debt/account is not in question here. But the fact as to how it was or was not validated and
27 wrongful actions of the Defendant's in an attempt to collect the alleged debt **violated the civil**
28 **rights** of the Plaintiff and the law as outlined in the Debt Collection Practices Act, *15 USC*
29 *§1601,et seq.* and the Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.*

## PARTIES

31 6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to
32 Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*. And
33 also under FCRA,§ 603 Definitions; rules of construction *15 U.S.C. § 1681a*
34 7. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to
35 collect a consumer debt from Plaintiff. The Co-Defendant is a person according to the FCRA§
36 603 Definitions; rules of construction *15 U.S.C. § 1681a(b)*.
37 8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company
38 with a business office located in Chicago, Cook County, Illinois.
39 9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf
40 of itself or others, engages in debt collection.
41 10. The Co-Defendant is a national company located in North Dakota and is a credit lender as
42 defined in § 603 Definitions; rules of construction *15 U.S.C. § 1681a(r)* and is licensed to do
43 business in the State of Illinois.

44 **Count I against Defendant:**

45 6. Failure to provide proof of an account or debt upon receipt of Validation from the Plaintiff.
46 On or about May 25th 2010 the Plaintiff sent a letter of validation/dispute to the Defendant
47 asking to provide proof of the alleged debt. The Plaintiff sent this by certified US Mail return
48 receipt requested. The Defendant received this on or about June 7th 2010. As of today's date
49 there has been no response from the Defendant in this matter. The Defendant violated Section
50 **809. Of the DCPA Validation of debts [15 USC 1692g]**

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

No proof of any account/debt has been received from Blatt, Hasenmiller, Leibsker & Moore LLC

to indicate any proof of any alleged debt.

**Plaintiff demands judgment in the amount of $1,000.00**

**Count II against Defendant:**

7. The Defendant sent a letter on or about March 5th 2010 indicating to contact this office to

make arrangements to pay this account violating the overshadowing section of *§809 1692g*.

The Defendant violated Section §809 1692g. **Validation of debts**

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (b) (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    (c) (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow** or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Overshadowing 1996 U.S. Dist. LEXIS 22555, *
DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S
**Plaintiff demands judgment in the amount of $1,000.00**

**Count III against Defendant:**
8. The Defendant has continued collection activity by trying to file suit in local court prior to

providing proof of any alleged account.

91 Continued Collection Activity

92 **§ 809. Validation of debts 15 USC1682g**
93
94 (b) If the consumer notifies the debt collector in writing within the thirty-day period described in
95     subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests
96     the name and address of the original creditor, **the debt collector shall cease collection** of the
97     debt, or any disputed portion thereof, until the debt collector obtains verification of the debt
98     or any copy of a judgment, or the name and address of the original creditor, and a copy of
99     such verification or judgment, or name and address of the original creditor, is mailed to the
100     consumer by the debt collector. Collection activities and communications that do not
101     otherwise violate this title may continue during the 30-day period referred to in subsection (a)
102     unless the consumer has notified the debt collector in writing that the debt, or any portion of
103     the debt, is disputed or that the consumer requests the name and address of the original credi-
104     tor. Any collection activities and communication during the 30-day period may not
105     overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt
106     or request the name and address of the original creditor.
107 The Defendant has failed to cease collection prior to providing proof of the alleged account.
108 **Plaintiff demands judgment in the amount of $1000.00**

109 Plaintiff re-alleges the allegations set forth in paragraphs 1 through 8 hereinabove.

110 <u>**STATEMENT OF CLAIM UNDER FCRA**</u>
111 <u>**AGAINST CO-DEFENDANT CitiBank (South Dakota) N.A.**</u>
112
113 9. CitiBank is a credit lender and as such governed under the law by the Fair Credit reporting Act
114 and is licensed to do business in the State of Illinois.
115 On or about XXX the Plaintiff contacted the Co-Defendant CitiBank with a letter of dispute over
116 erroneous and inaccurate and derogatory information found in the Plaintiffs Credit Report. Co-
117 Defendant never responded to the Plaintiff through today's date. The Co-Defendant has failed to
118 provide proof of the alleged account reported in the Plaintiffs Credit Report and has failed to
119 mark the account in dispute

120 **Count I: Co-Defendant**
121 10. Failure to provide proof of the account and reporting of erroneous and inaccurate information
122 in the Plaintiffs' Credit Report.

123 **§ 615. Requirements on users of consumer reports** *15 U.S.C. § 1681m(G)*

124 (2) upon request of the consumer to whom the debt purportedly relates, provide to the
125 consumer all information to which the consumer would otherwise be entitled if
126 the consumer were not a victim of identity theft, but wished to dispute the debt
127 under provisions of law applicable to that person.
128 **Plaintiff demands judgment in the amount of $1000.00 per credit reporting agency**
129 **three credit bureaus for four months $12,000.00**

130 **Count II: Co-Defendant**
131 12. Failure to mark the Plaintiffs Credit Report in Dispute.
132 **§ 623. Responsibilities of furnishers of information to consumer reporting agencies**
133 *15 U.S.C. § 1681s-2*

134 (3) *Duty to provide notice of dispute.* If the completeness or accuracy of any information
135 furnished by any person to any consumer reporting agency is disputed to such
136 person by a consumer, the person may not furnish the information to any consumer
137 reporting agency without notice that such information is disputed by the consumer.

138 13.The Plaintiff has disputed with all credit reporting agencies via certified mailed return receipt
139 in the same time frame as the Plaintiff disputed with the Co-Defendant and those bureaus have
140 confirmed that they are reporting the information correctly indicating that the Co-Defendant has
141 not marked the account in dispute and or has failed to do an investigation.

142 **Plaintiff demands judgment in the amount of $1000.00 per credit reporting agency**
143 **three credit bureaus for four months $12,000.00**

144 **Count III: Co-Defendant**
145 14. Reporting erroneous and inaccurate information.
146 **§ 623. Responsibilities of furnishers of information to consumer reporting agencies**
147 *15 U.S.C. § 1681s-2*
148 (a) Duty of Furnishers of Information to Provide Accurate Information

149 **Plaintiff demands judgment in the amount of $1000.00 per credit reporting agency**
150 **three credit bureaus for four months $12,000.00**

151 Plaintiff re-alleges the allegations set forth in paragraphs 8 through 14 hereinabove.

152 **WHEREFORE**, Plaintiff, Robert T. Bias respectfully requests judgment be entered
153 against Defendant, BLATT, HASENMILLER, LEIBSKER & MOORE, for the following:
154 15. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices
155 Act,
156 16. Statutory damages of $3000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C.*
157 *1692k*,
158 17. Actual damages,
159 18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15*
160 *U.S.C. 1692k*
161 19. Any other relief that this Honorable Court deems appropriate.
162
163 **WHEREFORE**, Plaintiff, Robert T. Bias respectfully requests judgment be entered
164 against Co-Defendant, CitiBank, for the following:
165 15. Declaratory judgment that Defendant's conduct violated the Fair Credit Reporting Act

166 16. Statutory damages per each violation of $36,000.00 pursuant to the Fair Credit Reporting Act

167  17. Actual damages, The Plaintiff has suffered credit denial raised interest rates damage to the
168  Plaintiffs' Credit report credit score and reputation. Plaintiff demands punitive damages in the
169  amount of $50,000.00
170  18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15*
171  *U.S.C. 1692k* and under FCRA *15 U.S.C. § 1681n.*
172  **§ 616. Civil liability for willful noncompliance** *15 U.S.C. § 1681n*
173  (a) *In general.* Any person who willfully fails to comply with any requirement imposed
174  under this title with respect to any consumer is liable to that consumer in an amount
175  equal to the sum of
176  (1) (A) any actual damages sustained by the consumer as a result of the failure or
177  damages of not less than $100 and not more than $1,000;
178  19. Any other relief that this Honorable Court deems appropriate.
179  Respectfully submitted this    day of August 2010.

*[signature]*

Robert T. Bias
164 Beethoven Ct.
Wheaton, IL. 60189
847-989-8306
rbias77@gmail.com

## CERTIFICATE OF SERVICE

180  
181  
182  I hereby certify that a copy of the forgoing complaint/summons Bias v Blatt, Hasenmiller,
183  Leibsker & Moore LLC & CitiBank Defendants at their business address 125 So. Wacker Drive,
184  Suite 400 Chicago, IL. 60606 and Co-Defendant CitiBank at 701 E 60th Street N Sioux Falls,
185  SD 57104-0432 on or about the   day of August 2010 with affidavit of service to be submitted
186  to the Clerk of the Court upon completion.
187  
188  *[signature]*
189  Robert T. Bias
190  164 Beethoven Ct.
191  Wheaton, IL. 60189
192  847-989-8306
193  rbias77@gmail.com